UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI J. MCCLEARY,

       Plaintiff,                       Case No. 1:14-CV-1197

v.

                                    HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
                             /

## **OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Lori McCleary seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged

with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 54 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 9, 58). She completed high school and was previously employed as a general clerk and accounts payable clerk. (Tr. 53, 144). Plaintiff applied for benefits on June 4, 2012, alleging that she had been disabled since March 1, 2008, due to chronic pancreatitis. (Tr. 58, 109–15). Plaintiff's applications were denied on July 19, 2012, after which time she requested a hearing before an ALJ. (Tr. 69–73, 77–78). On May 8, 2013, Plaintiff appeared with her counsel before ALJ William

Sampson for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 22–57). In a written decision dated July 16, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 9–21). Thereafter, the Appeals Council declined to review the ALJ's determination, making it the Commissioner's final decision in the matter. (Tr. 1–5). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on June 30, 2010. (Tr. 14). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R.

---

[1]

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

§§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of the limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

Plaintiff's claim failed at the second step of the evaluation. The ALJ initially found that Plaintiff had not engaged in substantial gainful activity since March 1, 2008, (the alleged disability onset date) through June 30, 2010, (Plaintiff's date last insured). (Tr. 14). The ALJ also found that Plaintiff suffered from the medically determinable impairment of chronic pancreatitis. (Tr. 14). However, the ALJ found that Plaintiff's chronic pancreatitis did not amount to a severe impairment, stating that she "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (Tr. 14) (*citing* 20 C.F.R. § 404.1521). Because Plaintiff failed to satisfy her burden at step two, the ALJ accordingly concluded that Plaintiff was not disabled for purposes of the Social Security Act, and entered a decision denying benefits. (Tr. 17–18).

## DISCUSSION

Plaintiff has presented one argument for review:

> The Commissioner's finding that Plaintiff has no combination of impairments which more than minimally affected her functioning prior to her date last insured is not supported by substantial evidence and the relevant legal standards.

(ECF No. 13, PageID.599).

The issue before the Court, then, is whether substantial evidence supports the ALJ's determination that Plaintiff did not have a "severe impairment" at step two of the sequential evaluation which lasted for a period of at least twelve months. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Under the Social Security Act, a disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). An impairment may be severe, even though it does not last for twelve months. *See Sebastian v. Comm'r of Soc. Sec.*, No. 1:13-CV-792, 2014 WL 5040574, at *4 (W.D. Mich. Sept. 24, 2014). However to meet her burden at step two, Plaintiff must show both that her impairment has significantly limited her ability to do basic work activities and that she has an impairment that has lasted or is expected to last for a continuous period of at least twelve months. *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012) (*citing* 20 C.F.R. §§ 404.1509, 404.1521, 416.909, 416.921).

The determination of a severe impairment at step two is used as an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint."*Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir. 1988).

> [I]n this Circuit the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a de minimis hurdle in

> the disability determination process. Under the prevailing de minimis view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.

*Id.* at 862.

Here, the ALJ determined that Plaintiff's medical condition failed to reach the "de minimis hurdle" of a severe impairment because she "did not have any impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." (Tr. 14). In so concluding, the ALJ relied in part on the requirements as set forth in SSR 85-28, "Titles II and XVI: Medical Impairments That Are Not Severe," which provides in pertinent part as follows:

> The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.

Titles II & XVI: Med. Impairments That Are Not Severe, SSR 85-28, 1985 WL 56856 at *3 (1985). While the evidence may support a finding that Plaintiff suffered from a severe impairment from her onset date in March 2008 through December 2008, substantial evidence supports the ALJ's finding that Plaintiff did not suffer from a severe impairment from December 2008 through Plaintiff's date last insured, and thus Plaintiff cannot meet the duration requirement necessary to satisfy the requirements of step two. *See* 20 C.F.R. § 404.1520(a)(4)(ii); SSR 82-52, Titles II & XVI: Duration of the Impairment, 1982 WL 31376, at *1 (S.S.A. 1982).

The ALJ observed Plaintiff testify at the administrative hearing that after duct stones were removed from her pancreas in December of 2008 (a date less than ten months after her alleged onset date) she was able to complete a wide range of activities of daily living. (Tr. 17). Plaintiff described the period after the removal of the stones as a "giant relief" (Tr. 30). She stated she was able to go to the beach, ride in a golf cart to visit with her neighbors, do dishes, laundry, and generally keep up the house. (Tr. 42–43). Plaintiff only sought routine care after December 2008 through her date last insured, bolstering the ALJ's determination that she was not significantly impaired after the removal of the stones. In February 2009, for example, Plaintiff was reported to be comfortable and her pain was under control. (Tr. 202). Visits with physicians in April 2009 and October 2009 indicated similar findings. (Tr. 307–08). At a checkup on June 23, 2010, just prior to Plaintiff's date last insured, Plaintiff's medications were adjusted, but no major issues were discussed. (Tr. 210). Plaintiff's testimony at the administrative hearing also points to improvement through Plaintiff's date last insured. Plaintiff responded in the affirmative to a question from the ALJ asking if she improved after her surgery through June 2010. (Tr. 28). She also testified that in 2010 she was able to go grocery shopping with her husband with no trouble. (Tr. 47–48). While Plaintiff's condition may have subsequently worsened, such period occurs after Plaintiff's date last insured, and thus is outside the relevant time period. Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff did not suffer from a severe impairment that met the duration requirement of twelve months in order to satisfy the requirements of step two.

Plaintiff claims, however, that the ALJ failed to address the opinion of Dr. Glen Lehman who opined on December 16, 2008, that Plaintiff is "a 49-year-old Caucasian female with a history of chronic pancreatitis that has cause *significant functional compromise* in her life due to

7

recurrent pain." (Tr. 181) (emphasis added). Plaintiff argues that the ALJ improperly discounted the opinion because under the treating physician doctrine, the ALJ was required to articulate "good reasons" for discounting the opinion. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (*quoting* 20 C.F.R. § 404.1527). Dr. Lehman, however, does not qualify as a treating physician because the record shows this was the first instance Plaintiff was examined by Dr. Lehman, and Dr. Lehman explicitly stated that the visit was a consultation. (Tr. 180). *Lucas v. Comm'r of Soc. Sec.*, No. 1:09-CV-920, 2010 WL 2992394, at *5 (W.D. Mich. July 6, 2010) report and recommendation adopted, No. 1:09-CV-920, 2010 WL 2992390 (W.D. Mich. July 27, 2010) ("A physician who sees a patient for only two or three visits "often" lacks a sufficient ongoing treatment relationship to be considered a treating physician.")

Because Dr. Lehman was not a treating physician, the ALJ was "not under any special obligation to defer to that opinion or to explain why he elected not to defer to it." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011). Instead, the ALJ was simply required to consider the opinion and accord such weight he found appropriate. *See, e.g., Engebrecht v. Commissioner of Social Security*, 572 F. App'x 392, 397–98 (6th Cir. 2014). The ALJ does not necessarily have to specifically identify and discuss every item of evidence in the record. Nevertheless, the ALJ must actually consider the entire record. *See, e.g., Henry v. Comm'r of Soc. Sec.*, 973 F.Supp.2d 796, 803 (N.D. Ohio 2013). Here, the ALJ did not explicitly discuss Dr. Lehman's opinion, but did explicitly discuss other portions of the same exhibit, indicating that he at least considered the opinion. (Tr. 16). Moreover, even if the ALJ erred in considering the opinion of Dr. Lehman, the error is harmless. Dr. Lehman's opinion that Plaintiff had functional compromise in December 2008, does not account for the significant improvement Plaintiff reported

after the removal of her duct stones, and thus does not demonstrate Plaintiff met the duration requirement at step two.

Plaintiff finally claims that the ALJ was required to consult a physician regarding whether Plaintiff met step two. This is so, Plaintiff reasons, because the ALJ necessarily rejected the opinion of Dr. Lehman, and the other medical opinions in the record stated there was insufficient evidence to make a determination. (ECF No. 13, PageID.601) (*citing* Tr. 65). Without a supporting medical opinion, Plaintiff reasons, the ALJ impermissibly "played doctor" in finding that Plaintiff did not have a severe impairment.

As the Sixth Circuit has recently said, "an ALJ should resist the temptation to substitute the ALJ's own interpretation of medical records for that of a physician who has examined the records." *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). However, "precedent does not 'even remotely suggests that an ALJ must, as a matter of law, seek out a physician's medical opinion.'" *Muscott v. Colvin*, No. CV 14-13890, 2015 WL 7248670, at *4 (E.D. Mich. Oct. 29, 2015) (*quoting Brown*, 602 F. App'x at 331) (finding an ALJ who rejected the only medical opinion in the record, did not err in failing to consult a physician on the RFC determination). At step two, it was still Plaintiff's burden to establish she suffered from a severe impairment. *Jones*, 336 at 474. The ALJ's task is to assess the evidence of record and identify Plaintiff's impairments and the limitations resulting from such. In this respect, the ALJ discussed the medical evidence in detail, including Plaintiff's allegations. The ALJ did not "play doctor" by noting that Plaintiff had received minimal treatment and was only slightly impaired in the period between December 2008 and June 2010. Accordingly, Plaintiff's claim that she suffered from a severe impairment is rejected

9

and the Court finds the ALJ's determination supported by substantial evidence. Plaintiff's claim of error is denied.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated:	December 28, 2015	/s/ Robert J. Jonker
	ROBERT J. JONKER
	CHIEF UNITED STATES DISTRICT JUDGE